AO 245B    NNY(Rev. 3/04) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__Northern__ District of __New York__

UNITED STATES OF AMERICA
v.
CHARLES SMITH

**JUDGMENT IN A CRIMINAL CASE**

Case Number:    1:02-CR-291-007

USM Number:    90669-038

Lori H. Levinson
Defense Counsel
66 West Street
Pittsfield, MA 01201
Defendant's Attorney

FILED
JUN 25 2004
O'CLOCK
Lawrence K. Baerman, Clerk — Binghamton

**THE DEFENDANT:**

X pleaded guilty to count(s)   1 of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 | Conspiracy to Possess and Distribute Marijuana | 8/3/02 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 17, 2004
Date of Imposition of Judgment

_/s/ Thomas J. McAvoy_
Signature of Judge

Honorable Thomas J. McAvoy, Senior U.S. District Judge
Name and Title of Judge

June 25, 2004
Date

U.S.D.C. FOR THE NORTHERN DISTRICT OF NEW YORK
I, the undersigned Clerk of the Court, do hereby certify
a true, correct and full ... original document
my custody.
of pages (text) _____ pages including ...
Dated: 6/8/05    Lawrence K. ...
by: _____, Deputy Clerk

EMC

AO 245B    NNY(Rev. 3/04) Judgment in a Criminal Case
           Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: CHARLES SMITH | Judgment — Page 2 of 6 |
| CASE NUMBER: 1:02-CR-291-007 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**6 MONTHS**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  X before 2 p.m. on   Tuesday, August 3, 2004   .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   NNY(Rev. 3/04) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

DEFENDANT: CHARLES SMITH
CASE NUMBER: 1:02-CR-291-007

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**4 YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

AO 245B   NNY(Rev. 3/04) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

DEFENDANT:       CHARLES SMITH                                              Judgment—Page __4__ of __6__
CASE NUMBER:     1:02-CR-291-007

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall reside for a period of 6 months in a community corrections center or other suitable facility and shall observe the rules of that facility.

2. The defendant shall participate in a program for substance abuse which shall include testing for drug and/or alcohol use and may include inpatient and/or outpatient treatment. The program shall be approved by the United States Probation Office.

3. The defendant shall participate in a mental health program which shall include medical, psychological, or psychiatric evaluation and may include outpatient and/or inpatient treatment. The program shall be approved by the United States Probation Office.

4. Defendant shall contribute to the cost of any evaluations, testing and/or treatment services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.

5. The defendant shall provide the probation officer with access to any requested financial information.

AO 245B    NNY(Rev. 3/04) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT: | CHARLES SMITH | |
| CASE NUMBER: | 1:02-CR-291-007 | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ 7,500 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the    X  fine    ☐  restitution.

    ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   NNY(Rev. 3/04) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

DEFENDANT:      CHARLES SMITH                                      Judgment — Page  6  of  6
CASE NUMBER:    1:02-CR-291-007

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ In full immediately; or

**B** ☒ Lump sum payment of $ __100__ due immediately, balance due

    ☒ not later than __9/24/04__ , or
    ☐ in accordance with  ☐ D,  ☐ E,  ☐ F, or  ☐ G below; or

**C** ☐ Payment to begin immediately (may be combined with  ☐ D,  ☐ E, or  ☐ G below); or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**E** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**F** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**G** ☒ Special instructions regarding the payment of criminal monetary penalties:

**The special assessment of $100 is due immediately, with the fine of $7,500 due in full by September 24, 2004.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the **Clerk, U.S. District Court, Federal Building, 100 South Clinton Street, Syracuse, New York 13261-7367**, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
**The defendant shall forfeit to the United States all rights, title, and interest in the following : 1) 1967 Chevrolet Camaro, VIN: 123377N243039; 2) $1,850 seized at 141 Onota Street, Pittsfield, Massachusetts; and 3) $20,000 surrendered by the defendant during his cooperation with authorities.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

U.S.D.C. FOR THE NORTHERN DISTRICT OF N.Y.
I, the undersigned Clerk...
is a true, correct a...
my custody.
# of pages (text)...
Dated 6/14/05
by _____, Deputy Clerk

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG -7 2002

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA        :     INDICTMENT

v.                              :     02 CR 291
                                      Crim. No. _____ (TJM)
                                :     VIO: 21 U.S.C § 846

THOMAS OVERBAUGH,               :
KEVIN DRISCOLL,
BERNARD O'NEIL,                 :
TERRY DRISCOLL,                       [1 Felony Count and Forfeiture Allegations]
JAMES WOMBLE,                   :
SHANE POWERS, and
CHARLES SMITH,                  :

               Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - -

## CONSPIRACY TO POSSESS WITH INTENT TO
## DISTRIBUTE AND TO DISTRIBUTE A CONTROLLED SUBSTANCE

### COUNT 1

THE GRAND JURY CHARGES:

That beginning sometime in or before 1998, the exact date being unknown, and

continuing thereafter up to and including August, 2002, in the State and Northern District of New

York and elsewhere,

THOMAS OVERBAUGH,
KEVIN DRISCOLL,
BERNARD O'NEIL,
TERRY DRISCOLL,
JAMES WOMBLE,
SHANE POWERS, and
CHARLES SMITH

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree

with each other and others to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

The quantity of marijuana involved in the conspiracy exceeded 100 kilograms; thus, the defendants are subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B).

## FORFEITURE ALLEGATION

As a result of committing the controlled substance offense alleged in Count 1 of this Indictment, which is realleged and incorporated by reference as if fully set forth herein, defendants **THOMAS OVERBAUGH, KEVIN DRISCOLL, BERNARD O'NEIL, TERRY DRISCOLL, JAMES WOMBLE, SHANE POWERS and CHARLES SMITH,** shall forfeit to the United States, pursuant to 21 United States Code, Section 853, any and all property constituting, or derived from, any proceeds that said defendants obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count 1 of this Indictment.

The intent of the United States of America to forfeit such property includes, but is not limited to, the following property:

A. **Conveyances**

### DRISCOLL VEHICLES

1. 1973 STEYR Military Vehicle - VIN: 4750589; titled in the name of Kevin and Terry Driscoll, 3291 West Picasso Place, Tucson, Arizona;

2

2. 2000 GMC Yukon - VIN: 3GKF16TOYG206202, titled in the name of Kevin and Terry Driscoll, 3291 West Picasso Place, Tucson, Arizona;

3. 1969 Ford Mustang - VIN: 9F01F135964, titled in the name of Kevin and Terry Driscoll, 3291 West Picasso Place, Tucson, Arizona;

4. 1967 Ford Galaxy - VIN: 7U55C141554, titled in the name of Kevin and Terry Driscoll, 3291 West Picasso Place, Tucson, Arizona;

## DRISCOLL PERSONAL PROPERTY

All of the following personal property located at 3291 West Picasso Place, Tucson, Arizona:

1. Big Screen Television located in family room;

2. Electronic Home Entertainment (audio-video) system and related equipment;

3. Custom made family room and living room furnishings, including sofas, love seats and armchairs;

4. Billiards table located in dining room;

5. Exercise equipment located in outdoor covered patio

6. One yellow metal ring with pink colored stone;

7. One yellow metal ring with white stone;

8. One yellow metal ring with green and white stone;

9. One yellow metal ring with blue and white stone;

10. One yellow metal ring with three (3) white stones;

11. One yellow metal ring with five (5) white stones;

12. One yellow metal ring with white stone;

13. One yellow metal ring with five (5) white stones;

14. One yellow metal bracelet with white stones;

15. One pair yellow metal earrings with white stones;

16. One pair yellow metal earrings with three (3) white stones;

17. One pair yellow metal earrings with green stone;

18. One yellow metal belly ring with white stone;

19. One silver colored belly ring with white stone;

20. One pair yellow metal earrings with white stone;

21. One pair yellow metal earrings with yellow pendant;

22. Two white colored stones;

23. One pendant with white stone;

## WOMBLE VEHICLES

1. 1994 GMC Suburban - VIN: 1GKGK26N9RJ713529, titled in the name of James and Lisa Womble, 9940 West Rudasill Road, Tucson, Arizona;

2. 1969 Buick LaSabre - VIN: 452379C107989, titled in the name of James and Lisa Womble, 9940 West Rudasill Road, Tucson, Arizona;

3. 2001 FIBRE CORE TRLS Concession Cart with logo "SMOKIN' JOE'S BBQ"affixed thereto, VIN: 1G9AT14221A125929, titled in the name of James and Lisa Womble, 9940 West Rudasill Road, Tucson, Arizona;

4. 2001 Kountry Comfort Motor Home, VIN: 5CH200R2611141350, titled in the name of James and Lisa Womble, 9940 West Rudasill Road, Tucson, Arizona;

5. 2000 Diamondback Car Trailer, VIN: 16VCX1825Y1E25795, titled in the name of James and Lisa Womble, 9940 West Rudasill Road, Tucson, Arizona;

6. Older model Chevrolet Apache Pickup, color light blue;

7. Older model Chevrolet Pickup, color red

### DIGENNARO VEHICLE

1. 1995 Ford F-150 Pickup Truck - VIN: 1FTEX14N9SKB87033, Titled in the name of Veronica J. Digennaro;

### O'NEIL VEHICLE

1. 1997 Chevrolet Suburban - VIN: 3GNGK26J2VG129453, Titled in the name of Bernard F. O'Neil;

B. **Cash Proceeds**

U.S. currency recovered from the following premises or individuals:

1. Two hundred, sixty-six thousand, nine hundred seventy two dollars ($266,972.00), seized from **57 NORA WAY, STEPHENTOWN, NEW YORK**;

2. Thirty thousand ($30,000.00), seized from **688 ROUTE 20, NEW LEBANON, NEW YORK**;

3. One hundred, fifty seven thousand, six hundred dollars ($157,600.00) seized from **3291 WEST PICASSO PLACE, TUCSON, ARIZONA**;

4. Two thousand, twenty three dollars ($2,023.00), found on the person of **JAMES WOMBLE**;

5. Two thousand dollars ($2,000.00) seized from **SHANE POWERS** at **528 PECKS ROAD, PITTSFIELD, MASSACHUSETTS**;

6. One thousand, eight hundred fifty dollars ($1,850.00) seized from **CHARLES**

5

SMITH at **141 ONOTA STREET, PITTSFIELD, MASSACHUSETTS.**

C. **Real Property**

1. Premises and real property with appurtenances thereon located at **57 Nora Way, Stephentown, New York**, more particularly described in a Deed dated November 30, 1989 and recorded in the Rensselaer County Clerk's Office on March 16, 1990 in book 1571of deeds at page 174, as follows:

> *ALL THAT PARCEL OF LAND*, situate in the Town of Stephentown, County of Rensselaer New York, bounded and described as follows:
>
> *BEGINNING at a point marking the northwest corner of this parcel being conveyed and the northeast corner of Lot #14 of Boyer Estate I which Lot #14 was recently conveyed by Demilt F. Aitken to Thomas Overbaugh; running thence along the southerly edge of an existing roadway on a curve to the right with an arc length of 46.71 feet, delta 89° 12' 52", curve radius 30 feet, cord length 43.13 feet, cord bearing North 44° 11' 09" East to a point; thence continuing along the southerly side of an existing roadway North 88° 47' 35" East a distance of 77.65 feet to a point; continuing thence on the southerly side of said existing roadway on a curve to the right with an arc length of 48.98 feet, delta 09° 40' 40", curve radius 290 feet, cord length 48.92 feet, cord bearing South 86° 22' 20" East to a point marking the northeast corner of this parcel; running thence through remaining lands of John Aitken and Mary Foisy South 32° 03' 21" West a distance of 188.70 feet to a point marked by an iron pipe found; running thence along the boundary line of Lot No. 14 referred to above North 23° 00' 00" West 142.50 feet to the point and place of beginning, and containing 0.308 acres more or less, and all as shown on a survey map entitled, "Plan of Land Surveyed for Thomas Overbaugh in Stephentown, New York," dated October, 1989 and made by Kelly-Granger-Parsons and Associates Inc. which survey is intended to be recorded in the Rensselaer County Clerk's Office.*

2. Premises and real property with appurtenances thereon, located at **3291 West Picasso Place, Tucson, Arizona**, and more particularly described in a Deed dated March 21, 2000 and recorded in the Pima County Recorder's Office on March 31, 2000 in docket 11267 at page 1042, as follows:

6

> *Lot 7 of TIERRA BRAVA ESTATES, a subdivision of Pima County, Arizona, according to the map or plat thereof of record in the office of the County Recorder of Pima County, Arizona, in Book 44 of Maps and Plats at page 59 thereof.*
>
> ***SUBJECT TO:*** *Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.*

      3.      The premises and real property with appurtenances thereon, located at **9940 West Rudasill Road, Tucson, Arizona** and more particularly described in a Deed dated June 5, 2001 and recorded in the Pima County Recorder's Office on June 7, 2001 in docket 11565 at page 2531, as follows:

> *That portion of the West half of the Southwest quarter of the Southeast quarter of the Northwest quarter of Section 12 Township 13 South Range 11 East, Gila and Salt River Base and Meridian, Pima County, Arizona, described as follows: From the southwest corner of the Northwest quarter of said Section 12 (the West 1/4 corner); Thence North 90°00'00" East along the south line of the Northwest quarter of said Section 12, 1319.72 feet to the southwest corner of the West half of the Southwest quarter of the Northwest quarter; Thence 00°07'27" West along the west line of said West half, 45.00 feet to a point on the north right of way line of Rudasill Road; Thence North 90°00'00" East along said north right of way line, 153.10 feet to the Point of Beginning; Thence North 00°07'48" West 307.87 feet; Thence North 89°57'39" East 176.83 feet to a point on the east line of said West half; Thence South 00°07'48" East along said east line, 307.99 feet to a point on the north right of way line of Rudasill Road; Thence South 90°00'00" West along said north right of way line, 176.83 feet to the Point of Beginning.*

### D. Substitute Assets

If the properties described above as being subject to forfeiture, as a result of any act or omission of the defendants:

             (a)    cannot be located upon the exercise of due diligence;

             (b)    has been transferred or sold to, or deposited with, a third party;

             (c)    has been placed beyond the jurisdiction of the court;

7

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeiture judgment.

A TRUE BILL,

*[signature: Stacy Rabidoux]*
FOREPERSON OF THE GRAND JURY

JOSEPH A. PAVONE
UNITED STATES ATTORNEY

BY: *[signature]*

RICHARD S. HARTUNIAN
ASSISTANT U.S. ATTORNEY

8